JON L. BALLINGER, appellant, v. BEVERLY A. BALLINGER, appellee.

No. 51283.

(Reported in 128 N.W.2d 907)

June 9, 1964.

Eaton & Eaton, of Sidney, for appellant.

Robert M. Dippel and David F. McCann, both of Council Bluffs, for appellee.

Stuart, J.—Plaintiff-husband was granted a divorce from defendant. He has appealed from the custodial provisions which awarded custody of the girl, age 7, the oldest of three children, to his parents and gave defendant custody of the two boys, ages 6 and 3. Defendant did not cross-appeal.

It is always with a sense of inadequacy and a feeling of frustration that we approach the consideration of cases of this nature. We realize our decision will have a strong impact upon the lives of the many persons involved and recognize that at best we can only make the most of an unfortunate situation. As always our primary concern is with the welfare of the three children, who through no fault of their own find themselves in the midst of a bitter dispute between their parents. We intend to relate only such facts as necessary to explain the situation and support our conclusions.

Plaintiff and defendant became engaged while defendant was a sophomore in high school. He joined the air force and she went to live with his parents while she finished the last two years of school. They were married in 1954 while he was still in service. Plaintiff was almost 21 years of age and defendant was 18. When plaintiff was overseas defendant lived with his parents and again stayed with them when the first child was born.

Both parties have lived most of their lives in and around Sidney, Iowa. Following his discharge from service, plaintiff operated some family farms. He later worked as tender to a

bricklayer and is now employed as a bricklayer. In May 1962 the parties purchased a home in Sidney which had belonged to plaintiff's grandfather. They undertook to remodel it using their own labor with the help of their friends. Defendant became involved with Bob Stanley while he was helping work on the house. Three separate acts of adultery are admitted. The episode came to a head when defendant asked plaintiff for a divorce. Inquiry led to an admission that she was involved with Stanley, although she denied illicit acts at this time. Discussions with Stanley and his wife brought out the whole story and ended with defendant going to live with her mother in Council Bluffs and the plaintiff and three children staying with his parents in Sidney. Stanley and defendant had discussed plans to leave Sidney together, although they realized they probably would not get the children if they did so. However, Stanley decided to stay with his wife and family. Defendant has continued to live with her mother in the home in which the boys will be placed under the decree. Plaintiff has continued to live in his parents' home. All three children have remained in this home under a stay order since the decree of divorce on April 4, 1963. Defendant has visited them frequently.

As is generally the case in divorce matters, the faults and complaints of both parties seem to have been exaggerated far beyond their importance in the normal pattern of their lives. Plaintiff was entitled to a divorce under this record, but he is not above criticism. He has stayed too closely tied to his parents and has depended upon them too much. He has not been overly ambitious and has been inclined to seek his own amusements. There are insinuations that he carried on an affair with a married woman some ten years older than he, but they lack substantial support in the record. Defendant's sister testified that on two occasions he tried to pull her into bed with him. Both instances are alleged to have occurred in his own home in the morning when his children were asleep in the next room and his wife was downstairs. If we accept her testimony, it is doubtful that he was seriously attempting committing adultery under those circumstances. He was arrested for OMVI during the period between the separation and divorce, but there is no serious charge of excessive drinking on the part of either party.

Defendant testified plaintiff disciplined the children by striking them with a belt or switch severely enough to leave welts for several days. Plaintiff denies the severity of the punishment, although he admits using a switch on occasions and a belt once. He states defendant never made any complaint.

Defendant admittedly was guilty of adulterous acts with Bob Stanley and apparently was so involved that she was willing to leave her children and run off with him. We do not know how far she would have gone had Stanley not decided to stay with his family. She was willing to try to obtain a reconciliation after his decision. There is testimony of many incidents indicating that she is a poor housekeeper and not too attentive toward the appearance and welfare of the children. There are also insinuations of improper conduct with another family friend but the case is no stronger than that made against the plaintiff.

The paternal grandfather was 55 years of age at the time of trial. The grandmother was 49. He has a substantial income and they have a nice home in Sidney. They are quite willing to take all three children into their home and can provide very adequately for the children's physical needs. Defendant's counsel argues strenuously that the grandmother wants the children to satisfy her own selfish desires. We do not believe the record supports this argument. She has been solicitous of the children's welfare and done more for them than the average grandmother, but this may well have been caused by defendant's own lack of concern. This is not a case in which the interference by a mother-in-law precipitated the divorce. Her help with the children seems to have been well accepted rather than resented.

Defendant's mother is a practical nurse and works in Omaha. She is purchasing a home in Council Bluffs on contract, in which she and defendant are now living. She divorced defendant's father, an alcoholic, while the parties were separated. Although there is nothing derogatory about her in the record, she has not had a great deal of success with her four children. The oldest child, a boy, has been married three times. He has four children by a first marriage that he is not supporting. He married a second time but did not live with the girl after their child was born. He is again married and lives in Kansas City.

Defendant's younger sister has been married two times. The youngest child, a boy, is a high-school dropout who joined the Marines.

Unless there is a strong reason shown why children should be separated, we believe that brothers and sisters should have the opportunity to grow up together. We feel it is important that the normal companionship and relationship be preserved insofar as possible. The trial court gave no reason why these children should be separated and none appears in the record. We believe they should be kept together.

The paternal grandparents are in the best position to furnish them a good home. They are quite willing to keep them there. They will receive love and affection and have the companionship of the father in the home. They can enjoy the association with each other.

We have no doubt that the defendant and her mother also have a great deal of love and affection for these children. They are close by in Council Bluffs and we wish to encourage frequent visitation and continued close contact between defendant and her children, but we believe the home of the paternal grandparents offers these children the best opportunity for a normal childhood under existing conditions.

The best solution, of course, would be the reestablishment of the home. There was nothing seriously wrong with the relationship between the parties prior to the episode which precipitated the divorce. However, it takes a great deal of maturity to forgive a blow to one's pride and this fact coupled with the recriminations which occurred in the divorce action make it extremely doubtful that such event could occur. It may be that upon serious reflection plaintiff and his parents will recognize the children's need for a mother as well as a father and cause them to be more charitable toward the defendant's past shortcomings.

We, therefore, modify the decree of divorce as rendered by the trial court and award the care, custody and control of Jonell Lee Ballinger, Dierk Lyn Ballinger and Wade Lurlan Ballinger to the paternal grandparents, Mr. and Mrs. A. L. Ballinger. Defendant shall have the right to have all three children with

her in her home every other weekend and for two weeks during the summer. The case is remanded with directions to the trial court to fix the hours and dates of these visitation rights in accordance herewith. The provisions for child-support payments to defendant are canceled.—Modified and remanded.

All JUSTICES concur except HAYS, J., not sitting.